IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, ) | |
| ) | |
| Plaintiff, ) | Civil Action 13-cv-1068 |
| ) | |
| v. ) | |
| ) | United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF ) | Cynthia Reed Eddy |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION
TO FILE AMENDED COMPLAINT (ECF NO. 52); DISMISSING
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
(ECF NO. 43) AND MOTION TO DISMISS (ECF NO. 46) AS MOOT; AND
DENYING PLAINTIFF'S MOTIONS AT (ECF NOs. 54, 55, 61)**

Plaintiff Darien Houser, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania, filed this cause of action against the Pennsylvania Department of Corrections (DOC) and a host of DOC officials, corrections officers, employees, agents or medical health care providers involved in treatment of Plaintiff's medical ailments and complaints and in processing related grievances, based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. The initial complaint was filed on August 16, 2013 (ECF No. 6), and all Defendants executed waivers of service.

On November 6, 2013, the DOC Defendants filed an Answer to the Complaint (ECF No. 42) and a Motion for Judgment on the Pleadings (ECF No. 43) pursuant to Federal Rule of Civil Procedure 12(c), asserting that most of Plaintiff's claims had not been properly exhausted

through DOC's administrative grievance process, and that he failed to state a cause of action as to the remaining, exhausted claims. On November 25, 2013, the Medical Defendants filed a Motion to Dismiss (ECF No. 46) Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice, for failure to state a claim for which relief may be granted.

On November 26, 2013, this Court directed Mr. Houser to respond to these motions, and at Plaintiff's request, enlarged the time to do so until February 14, 2014. On December 17, 2013, Plaintiff filed a "Motion for Leave to File Amend Complaint/and Clarification of Court Order" (ECF No. 52), attaching an 18 page Amended Complaint adding some new defendants and claims. The Court directed Defendants to respond to Plaintiff's motion to amend his complaint. The DOC Defendants have filed their Response (ECF No. 56). The Medical Defendants have not responded and presumably have no objection to amendment.

After careful consideration of Plaintiff's motion to amend and the DOC Defendants' Response, the Court will grant Plaintiff's motion, and will dismiss Defendants' motions under Fed.R.Civ.P. 12(b)(6) and 12(c) as moot. Pursuant to Fed.R.Civ.P. 15, Amended and Supplemental Pleadings, as amended in 2009, a "party may amend its pleading once as a matter of course . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a).

The DOC defendants candidly acknowledge "that plaintiff likely has a right to file an amended complaint since he sought additional time to do so within 21 days of DOC defendants' Answer and Motion for Judgment on the Pleadings." DOC Defendants' Response To Motion To Amend (ECF No. 56), at 2. However, DOC Defendants assert that amendment would be futile

because the Amended Complaint asserts claims which are time-barred, do not relate to claims in the original complaint in this action, and/or are duplicative of claims pending before the Court in Plaintiff's prior civil rights case at Civil Action No. 10-0416.

This Court has no discretion to deny leave to amend on the grounds of futility where, as here, the Plaintiff filed an Amended Complaint *as a matter of course* within 21 days (which period was enlarged by Court Order until February 14, 2014) of the DOC Defendants' Answer, and the Medical Defendants' Rule 12(b) motion to dismiss. *See Scott-Blanton v. Universal City Studios Prod., LLP*, 244 F.R.D. 67, 69-70 (D.D.C. 2007) ("Because this is the plaintiff's first amended complaint - filed before any responsive pleading - the court does not have discretion to deny the plaintiff's motion to amend the complaint due to futility.") (citing *Williams v. Bd. of Regents*, 441 F.3d 1287, 1296 n. 3 (11th Cir. 2006) ("the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility" prior to a responsive pleading) (additional citations omitted). *See also Perkins v. Sun Chem. Corp.*, 2011 WL 1403069, *1 (S.D.Ohio 2011) (when plaintiff is entitled under Rule 15 to file an amended pleading as of right, the fact that an amendment may be futile does not provide the Court with a basis to strike the amended pleading) (citing *Broyles v. Corr. Med. Serv., Inc.*, 2009 WL 3154241 at *3-*4 (6th Cir. 2009) (Rule 15(a) "gives plaintiffs an 'absolute right' to amend a complaint before a responsive pleading is served. . . . The district court . . . abused its discretion in determining that it could reject the amended complaint on the basis that the amendment would be futile.").

For the foregoing reasons, Plaintiff's "Motion for Leave to File Amend Complaint/and Clarification of Court Order" (ECF No. 52) is GRANTED. Plaintiff shall timely effect service on

any new defendants.

The DOC Defendants' Motion for Judgment on the Pleadings (ECF No. 43) and the Medical Defendants' Motion to Dismiss (ECF No. 46) are DISMISSED as moot without prejudice.

IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Local Rule 72 C.2. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

Plaintiff has also filed several miscellaneous motions: a "Pre-Discovery Request" (ECF No. 54); a "Motion for Reduction of Copies" (ECF No. 55); and a so-called "Motion for Court to Answer" his various pending motions (ECF No. 61). The Court directed the DOC Defendants to respond to the first two motions, which they did; no response is necessary for the third, and none was ordered. IT IS FURTHER ORDERED that the first two of these motions (ECF Nos. 54 and 55) are DENIED as premature; the third (ECF No. 61) is DENIED as impertinent and moot.

Additionally, Plaintiff has filed a Motion for Preliminary Injunction/Temporary Restraining Order (ECF No. 63), to which Responses are due on February 20, 2014. This Motion will be addressed by separate Memorandum Order and/or Report and Recommendation.

                 *s/ Cynthia Reed Eddy*
                 Cynthia Reed Eddy
                 United States Magistrate Judge

cc:  DARIEN HOUSER
   GL-7509
   SCI Greene
   175 Progress Drive
   Waynesburg, PA 15370