# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) Civil Action 13-cv-1068 |
| v. | ) |
| | ) United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | ) Cynthia Reed Eddy |
| Defendants. | ) |

**MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION OR TRO (ECF NO. 63)**

Plaintiff Darien Houser, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania, filed this cause of action against the Pennsylvania Department of Corrections (DOC) and a host of DOC officials, corrections officers, employees, agents or medical health care providers involved in treatment of Plaintiff's medical ailments and complaints and in processing related grievances, based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. The initial complaint was filed on August 16, 2013 (ECF No. 6), and all Defendants executed waivers of service.

On February 19, 2014, this Court entered an Order disposing of five pending motions, including Plaintiff's motion to amend his complaint, which the Court granted. While the five motions were pending, Plaintiff filed a sixth, namely, a Motion for Preliminary Injunction/ Motion for Temporary Restraining Order (ECF No. 63). The DOC Defendants filed their

Response on February 19, 2014.

After careful consideration of Plaintiff's Motion for Preliminary Injunction/ Motion for Temporary Restraining Order and Response thereto, and the record in this case, this Court will deny the motion.

In his motion for equitable relief, Plaintiff complains that his incoming and outgoing mail "has signs of tamper" and is sometimes delayed in reaching him, that his grievances are sometimes interfered with, that legal documents have disappeared from his cell as retaliation for his legal actions, and that legal mail from the DOC Defendants does not have control numbers on the envelopes. Plaintiff also complains that some Corrections Officers and staff have been assigned to his housing unit (L5) well beyond the time recommended by DOC policy, and suggests that familiarity breeds contempt toward him expressed as harassment, intimidation and unprofessional behavior.

Plaintiff asserts that Defendants' conduct is causing irreparable and immediate harm to his civil actions. Motion for Preliminary Injunction/ Motion for Temporary Restraining Order (ECF No. 63), at 3. Plaintiff requests this Court to direct the SCI-Greene facility manager to create a document "that will identify all incoming and outgoing mail that must be signed by the plaintiff at all times . . . [and] also requiring that all mail be opened in the presence of plaintiff." *Id*.

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). The Court must consider four (4) factors in determining whether to grant Plaintiff's motion for preliminary injunction or

TRO: (1) the likelihood of success on the merits; (2) whether the movant will be irreparable harmed without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) A plaintiff must establish prima facie that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). Applying these four factors to this matter, the Court concludes that Plaintiff has failed to make the required showing to justify the extraordinary remedy of injunctive relief.

As a preliminary matter, the Court notes that the public interest is best served if the courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated.

Plaintiff's motion for an injunction or TRO is vague and non-specific, contains general assertions of beliefs and speculation, and reveals no apparent irreparable harm. Plaintiff does not identify any particular instance of denial of access to the Courts, does not specify what letters or documents were allegedly missing or lost or how any such loss prejudiced him in his civil actions, and does not name any of the Defendants he claims harasses and intimidates him. Moreover, Plaintiff is a prolific, pro se litigator, as his numerous pretrial motions in this case and in his case at Civil Action No. 10-0416 attest, which cuts against his vague assertions that his litigation is being immediately and irreparably hindered by the DOC Defendants' behavior with regard to his mail and legal documents.

The Court concludes that Plaintiff has failed to establish prima facie that he will be irreparably harmed if his motion for injunctive relief is denied. To the contrary, Plaintiff has not

shown he has been harmed in any way by any of the actions complained of in his motion. Accordingly, Plaintiff's Motion for Preliminary Injunction/ Motion for Temporary Restraining Order (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Local Rule 72 C.2. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: DARIEN HOUSER
GL-7509
SCI Greene
175 Progress Drive
Waynesburg, PA 15370