IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>PA DEPARTMENT OF )<br>CORRECTIONS, <u>et al.</u>, )<br>)<br>        Respondents. ) | Civil Action No. 13-1068 Erie<br><br>Senior District Judge Maurice B. Cohill<br>Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

Petitioner Darien Houser ("Petitioner" or "Houser"), an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania, filed a cause of action against the Pennsylvania Department of Corrections ("DOC") and a host of DOC officials, corrections officers, employees, agents and medical health care providers involved in treatment of Plaintiff's medical ailments and complaints and in processing related grievances, based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. The initial complaint was filed on August 16, 2013 [ECF No. 6].

At issue before this Court is an interlocutory Appeal of an Order denying Houser's February 12, 2014 Motion for Preliminary Injunction/Motion for Temporary Restraining Order ("TRO") [ECF No. 63]. In his Motions, Houser requests that the Court prevent DOC employees from tampering with his mail. More specifically, Houser alleges he is not receiving all of his mail, his mail is being read and stolen from his cell, it has been opened and read when it reaches him, and it is being delivered to other inmates. Houser believes that due to these behaviors DOC

1

employees retaliate against him and this pending civil case against the named defendants may be harmed. To prevent the alleged injustice from occurring Houser requests the Court to order SCI-Greene to create documents for Houser to sign that will identify all incoming and outgoing mail and that the Court require that the mail only be opened in the presence of Houser [ECF No. 63 at 3].

On February 19, 2014, the DOC Defendants filed their Response [ECF No. 65] to Houser's Motions. On February 20, 2014 Magistrate Judge Cynthia Reed Eddy entered an Order, *inter alia*, denying Houser's Motion for Preliminary Injunction and his Motion for TRO [ECF No. 66]. Houser subsequently filed this Appeal on February 27, 2014. For the reasons stated below we will affirm Judge Eddy's Order of February 20, 2014.

In Judge Eddy's Memorandum Order Denying Plaintiff's Motion for Injunction and Motion for TRO, she states, "[I]njunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002). According to case law, the Court must consider four factors in determining whether to grant a motion for preliminary injunction or TRO. The four factors are: (1) The likelihood of success on the merits; (2) whether the movant will be irreparably harmed without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief. See Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998). All four factors must be determined to favor preliminary relief for the injunction to issue. See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).

In this case, we are unable to determine that Houser has satisfied the four factors to support our granting a preliminary injunction or TRO. In Houser's Appeal of Judge Eddy's Order he states, "Plaintiff now appeals this order to the UNITED STATES DISTRICT JUDGE, while also providing an objective response to DOC Defendants/Counsel for the defendants." [ECF No. 67 at 1]. Unfortunately, in his pleading he fails to respond to the precedential case law as presented in Judge Eddy's Order that is directly on point for the Appeal and perhaps directed more of this pleading to the DOC Defendants/Counsel.

With regard to the first factor, it is not likely that Houser will prevail on the assertions he alleges in this claim. Houser's allegations regarding the treatment of his mail are vague and non-specific and frankly speculative. He provides no specific facts or proof that his mail is being read by any particular unauthorized individual nor is he specific in his assertions of retaliation by DOC employees or prisoners against him for what might have been read in his mail. Admittedly Houser provides more specific allegations in his Appeal than his original Motions as to certain offenders, perhaps in an attempt to satisfy the first factor. In addition, Houser also provides supporting documentation of the alleged wrongs. In other words, he provides more detail and support of his claims to allow a determination that there is a likelihood that he would prevail on this claim. However, his claims are still rife with speculation and lack proof that the information provided truly supports his allegations. For example, if it is true that staff is opening and reading his mail, this Court is unable to draw an unfounded inference that the alleged harassment and intimidation is a result of reading the mail.

Related to the first factor is the second factor, in which Houser, again, fails to explain how the alleged mail tampering will cause his case irreparable harm. Even if there are unauthorized individuals reading his mail Houser provides no direct relationship between the

3

alleged mail-reader and the harm to his case. Therefore, we are at a loss to find any prejudice the alleged mail tampering may cause to Houser's civil case.

With regard to the third factor, it is unlikely that the DOC defendants would be irreparably harmed in this case if the injunction was granted. Thus, this factor is in favor, or at least neutral, in making a determination of whether to grant the injunction. We note, however, we are not qualified to dictate the mail opening processes that occurs in prison and we have no knowledge regarding the Bureau of Prison's ("BOP") ability to implement such mail opening procedures as Houser suggests in his Motion. We concur with the public policy statement Judge Eddy expressed in her Order that the public interest is best served when the courts do not get involved in the prison system when there is no evidence of a Constitutional wrong. [See ECF No. 66 at 3].

Finally, Houser fails to meet the requirements of the fourth factor because there is no public interest in BOP implementing a policy which allows Houser to witness or sign off on his mail being opened. In fact, public interest would best be served in BOP using its resources in ways other than a customized procedure for Houser's mail. In summary, at best, only two factors may be satisfied in favor of granting Houser's Motion for preliminary injunction or TRO. Houser continues to lack support for factors two (irreparable harm to his case) and four (in public's best interest) to allow this Court to grant his Motions.

The remaining portions of Houser's Appeal are what amount to "he said, she said" arguments, rumor, arguendo, and unfounded accusations all of which are improper for purposes of this Appeal. Aside from the information Houser provides in his Appeal that we have discerned as his attempt to support the first factor of the legal analysis, we see no further evidence or support for Houser's Motion for Injunctive Relief or Motion for TRO. We have no

proof that Houser's present or past civil actions have been harmed or prejudiced due to the alleged mail wrongs and we are unaware of any circumstance where he has been denied a Constitutional right such as due process of law or access to the court system.

Therefore, the following Order is entered:

And now to-wit, this 21st day of May 2014, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Petitioner's Appeal of Magistrate Judge Decision [ECF No. 67] is DENIED. Darien Houser's Motion for Preliminary Injunction and Motion for a Temporary Restraining Order [ECF No. 63] are DENIED.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania

5