# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, ) | |
| ) | |
| Plaintiff, ) | Civil Action 13-cv-1068 |
| ) | United States District Judge |
| v. ) | Maurice B. Cohill |
| ) | United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF ) | Cynthia Reed Eddy |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.      Recommendation**

For the reasons set forth below, I recommend that the Medical Defendants' Motion to Dismiss the Amended Complaint (ECF No. 77) be denied.

**II.     Report**

Plaintiff Darien Houser, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania, filed this cause of action against the Pennsylvania Department of Corrections (DOC) and a host of DOC officials, corrections officers, employees, agents or medical health care providers involved in treatment of Plaintiff's medical ailments and complaints and in processing related grievances, based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. The initial complaint was filed on August 16, 2013 (ECF No. 6), and all Defendants executed waivers of service.

The DOC Defendants have filed an Answer to Plaintiff's Amended Complaint. (ECF No. 76). Dr. Byunghak Jin, Medical Director at SCI-Greene, PA Anatanovich and PA West, the Medical Defendants herein, filed a Motion to Dismiss the Amended Complaint (ECF No. 77)

1

with prejudice, for failure to state a claim for which relief may be granted. After careful consideration of the motion, response, and briefs in support and in opposition, the Court finds the motion to dismiss to be without merit and premature, and recommends that it be denied.

Initially, the Court notes that Medical Defendants rely on extraneous facts not contained in the Amended Complaint, namely, the Concise Statement of Material Facts filed by the Medical Defendants in support of summary judgment in Plaintiff's earlier, related case, *Houser v. Folino (Houser I)*. *See* Medical Defendants' Concise Statement of Undisputed Material Facts (ECF No. 200, Civil Action No. 10-0416).[1] Brief for Medical Defendants (ECF No. 78), at 7. Medical Defendants assert in this case that "[a]lthough not specifically noted by Plaintiff, the Medical Defendants set forth in detail in [*Houser I*] the numerous times Plaintiff was seen for a wide variety of physical complaints . . . [which] clearly demonstrate continuous medical treatment from that time forward for various complaints, with Plaintiff essentially arguing that it was either ineffective or not what he had specifically requested."). *Id*. Because Plaintiff received "continuous medical treatment . . . for various complaints," Medical Defendants argue they "cannot be said to have intentionally refused to provide any medical treatment . . . for the allegations in the within Second Amended Complaint." *Id*.

Given the medical attention Mr. Houser received for a "wide variety of physical complaints," Medical Defendants argue the following in its motion to dismiss this case:

> Simply put, Plaintiff merely disagrees with the medical examinations and conclusions, and not to a lack of treatment.
>
> \* \* \*
>
> Thus, based on the responses to Plaintiff's numerous grievances, it is clear that Plaintiff did, in fact, receive attention to each of his complaints of

---
[1] *Houser v. Folino,* 2014 WL 3696130 (W.D.Pa. 2014).

> pain, discomfort or alleged injury; he just disagrees with the medical diagnoses, conclusions and opinions regarding appropriate treatment and care.
>
> * * *
>
> Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), quoting, *Bowring v. Goodwin*, 551 F.2d 44, 48 (4th Cir. 1977).
>
> Simply stated, Plaintiff just believes he was entitled to more than what was provided. This is a typical case of disagreement with the type of medical care, and not a refusal to provide care. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976) (once it is shown that Plaintiff received some care, complaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983).

Brief for Medical Defendants (ECF No. 78), at 8-9.

Additionally, Medical Defendants argue, "even if one assumes a serious medical condition, Plaintiff has failed to allege facts that would permit a jury to conclude that the Medical Defendants subjectively acted with a sufficiently culpable state of mind . . . *Id*., at 7.

### *Twombley-Iqbal* Standards for Rule 12(b)(6) Motion to Dismiss

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Id*.

As the Court of Appeals for the Third Circuit explained in *Fowler*, 578 F.3d at 210–11:

> . . . The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.
>
> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, ... [the] "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*See also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, ⸺ U.S., ⸺ 132 S.Ct. 1861 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D.Pa. 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

**Discussion**

Medical Defendants do not discuss the sufficiency of the specific averments made in the Amended Complaint which, after all, supply the universe of facts upon which this Court applies

5

the Rule 12(b)(6) -- *Twombley-Iqbal* analysis to determine whether this complaint alleges "enough facts to state a claim to relief that is plausible on its face." Instead, Medical Defendants rely on the facts developed following discovery and proffered in support of summary judgment in *Houser I*. But this Court declared those proffered facts inadequate to sustain Medical Defendants' burden of persuasion and issued a Report and Recommendation (ECF No. 211 at Civil Action No. 13-0416) in that case, recommending that Medical Defendants' and the DOC Defendant's motions for summary judgment be denied. On July 23, 2014, United States District Judge Donetta W. Ambrose adopted that Report and Recommendation as the opinion and ruling of the Court. Order Adopting Report and Recommendation (ECF No. 212 at Civil Action No. 13-0416).

In *Houser I*, this Court addressed Defendants' arguments that Mr. Houser failed to allege facts that would permit a jury to conclude that the Medical Defendants subjectively acted with a sufficiently culpable state of mind, and that Medical Defendants cannot be said to have intentionally refused to provide any medical treatment because he "received care for his various physical complaints . . . [and any] attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment." *Houser I*, Report and Recommendation (ECF No. 211 at Civil Action No. 13-0416), at 6-7. The Court characterized the DOC and Medical Defendants' "overarching theme" as "Mr. Houser received 'an extraordinary amount' of continuous, professional medical treatment and attention 'for a long list of medical issues' from 2007 to the present. Ipso facto, Superintendent Folino and Medical Defendants cannot be found to have been deliberately indifferent to any of Plaintiff's serious medical needs." *Id*. at 7.

In recommending denial of the *Houser I* Defendants' motions for summary judgment, this Court's Report and Recommendation rejected that overarching theme, stating that "[s]imply supplying some, or even a lot, of medical attention to a prisoner does not, of itself, insulate prison officials and responsible medical personnel from liability under section 1983 for deliberate indifference to a prisoner's serious medical needs." *Id*. at 29. After careful consideration of the motions, responses, briefs in support and in opposition, and the concise statements of material facts and appendices submitted by the parties, the Court found: "Defendants have not met their burden of showing, through competent record evidence, that there is no genuine dispute as to material facts as to the elements of Plaintiff's claims of deliberate indifference to his serious medical needs, and summary judgment should therefore be denied as to all claims and defendants." *Id*. at 24-25. "To put a finer point on it," this Court held that the fact that Mr. Houser had been "seen" on many occasions for a variety of physical complaints, including "blood pressure, back and knee braces, athletes foot, hand injury," and had been "sent for x-rays repeatedly" and "referred for physical therapy," was "pretty much of a non sequitur on the question of the medical care provided or not provided for the specific ailments and conditions of which Plaintiff has been complaining and which serious medical needs are the subjects of this lawsuit." *Id*. at 30.

Because the summary judgment standards demand more of the non-moving party than do the still fairly liberal standards for deciding motions to dismiss,[2] because Medical Defendants

---

[2] As summarized in the Report and Recommendation in *Houser I,* the "non-moving party cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument, but must 'put up or shut up'; "Plaintiff must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim; The non-moving party 'must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.'" *Houser v.*

7

herein rely on the facts developed in the summary judgment record adduced in *Houser I*, and because this Court found those facts to be sufficient to withstand a motion for summary judgment in *Houser I* and allowed the case to proceed to trial, the Medical Defendants' motion to dismiss the Amended Complaint in this case likewise should be denied.

It should be noted that Plaintiff filed a Notice (ECF No. 81) which requests the Court to grant a default against the Medical Defendants because they did not file a reply to his response to the motion to dismiss "by 8/15/14, as ordered by this court." *Id*. This request is denied. The Court's text scheduling order of July 10, 2014 simply stated "Responses due by 7/31/2014. Replies due by 8/15/2014." This Order did not purport to make either a response or a reply mandatory; it merely set the deadlines for filing. Nor did the Order indicate that failure to file a reply might result in a default judgment, and the Court is aware of no local or federal rule of procedure or precedent supporting a default for failure to file a reply brief on a motion to dismiss.

### III. Conclusion

For the foregoing reasons, this Court recommends that the District Judge deny Medical Defendants' Motion to Dismiss (ECF No. 77) without prejudice to raising the defenses and matters raised therein at the appropriate time following discovery.

---

*Folino*, Report and Recommendation (ECF No. 211 at Civil Action No. 13-0416), at 18 (citations omitted).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrates, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated: August 28, 2014                                    s/ Cynthia Reed Eddy
                                                                                                         Cynthia Reed Eddy
                                                                                                        United States Magistrate Judge

cc:

All counsel of record

Darien Houser
GL-7509
175 Progress Drive
Waynesburg, PA 15370