IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| | ) |
| Plaintiff, | ) Civil Action 13-cv-1068 |
| | ) United States District Judge |
| v. | ) Maurice B. Cohill, Jr. |
| | ) United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF | ) Cynthia Reed Eddy |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently pending before the court is plaintiff Darien Houser's "Motion for Leave to File Supplemental Complaint and to Add New Defendants," to his Second Amended Complaint. (ECF No. 96). Plaintiff, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania, initiated this action on July 23, 2013. (ECF No. 1). On February 19, 2014, Plaintiff filed an Amended Complaint. (ECF No. 69). On May 19, 2014, he filed a Second Amended Complaint (ECF No. 72), with leave of court, against numerous defendants, including the Pennsylvania Department of Corrections, DOC's Secretary, John Wetzel, numerous DOC correctional officers and other employees, including John and Jane Does, and various medical staff with DOC and Wexford Medical Inc., the third party health care provider at SCI-Greene.[1]

Plaintiff's Second Amended Complaint raises federal and state claims arising from numerous allegedly unconstitutional and intolerable conditions of confinement and denial of

---

[1] Plaintiff's Second Amended Complaint names over 35 Defendants.

1

necessary medical treatment in 2011-2013, including: continuing confinement in a non-handicapped cell (Plaintiff uses a wheelchair) on G-block in the RHU complex, which featured metal stripping across the threshold of the cell door which hindered his access and caused him injuries when exiting and entering his cell, including tearing of his left bicep; inadequate treatment of his left bicep injury; over Plaintiff's objection and explanation of the danger, use of security restraints and a "black box" used to secure locks for handcuffs and leg chains while transporting Plaintiff on November 16, 2011 for outside medical evaluation and treatment, which restraints triggered Plaintiff's angioedema (as diagnosed by an outside doctor, Dr. Gorby, in September, 2011), causing rapid and painful swelling of face, tongue, lips, groin, and extremities and presenting the danger of swelling of his throat and eyes, *inter alia*, potentially life threatening conditions of which DOC officials and medical staff were aware; denial of treatment or evaluation for broken fingers caused when DOC corrections officers "smashed" his fingers in a gate on July 31, 2011; retaliation by prison officials for being a frequent grievance filer, including confinement in solitary and inadequate food, clothing and blankets during winter months; denial of adequate medical treatment of his angioedema on September 11-12, 2011, and again on January 1, 2012, which caused Plaintiff unnecessary pain and suffering when medical staff and corrections officers refused to act on Plaintiff's complaints that he was experiencing flare-ups even though his swelling was apparent; exposure to second hand smoke and denial of necessary hygiene materials.

Now, over a year and a half after initiating this suit, and after a substantial amount of discovery has been afforded to Plaintiff, Plaintiff seeks to "supplement" his Second Amended Complaint to add additional claims and additional defendants concerning the use of security restraints and a "black box" used to secure locks for handcuffs and leg chains while transporting Plaintiff to Allegheny Hospital on September 26, 2014. He alleges that these restraints trigger his

angioedema condition. The Second Amended Complaint contains a nearly identical claim concerning the use of these restraints and black box on November 16, 2011 for transportation for a medical evaluation and treatment.

Fed.R.Civ.P. 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented  The Court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Granting or denying a motion to amend lies within the discretion of the court. Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002). Leave to supplement a pleading is within the sound discretion of the court" and should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).The court should apply the Rule in a manner securing the just, speedy and inexpensive determination of every action. However, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F. 3d 267, 273 (3d Cir. 2001). *See also* Foman v. Davis, 371 U.S. 178, 182 (1962).

With these principles in mind, the court **rejects** plaintiff's request to supplement the Second Amended Complaint. The additional incident concerning the use of the black box and restraints occurred over three years after the alleged 2011 incident, the allegations are nearly identical and do not present a new theory of liability into the case. Indeed, plaintiff's theory that the use of the black box and restraints, given his existing medical condition, constituted a violation

of the Eighth Amendment is already asserted and preserved in the Second Amended Complaint. In addition, it is troubling that plaintiff is seeking to add new defendants to this case which was originally filed almost two years and three complaints ago. Adding new defendants at this stage would no doubt cause undue delay, and unfairly prejudice the current defendants. If plaintiff wishes to raise these new claims, he is free to pursue appropriate administrative remedies and, if unsuccessful, seek to file a new court action raising these claims.[2]

Accordingly, Plaintiff's motion to supplement to include these new claims against the current Defendants and to add new Defendants is denied.

**AND NOW**, this 26th day of February 2014, it is hereby **ORDERED** that Plaintiff's Motion to Supplement (ECF No. 96) is **DENIED**.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
U.S. Magistrate Judge

cc: all counsel of record

DARIEN HOUSER GL-7509  
SCI Greene  
175 Progress Drive  
Waynesburg, PA 15370

---

[2] The court notes that the alleged incidents of September 2014 were the subject of a Motion for Preliminary Injunction (ECF No. 91) filed in this case as well as at Civil Action No. 10-416, wherein Judge Ambrose denied the same motion, without prejudice as plaintiff is represented by counsel in that case. This Court followed Judge Ambrose's lead and recommended denying the motion for preliminary injunction in this uncounseled case. Report and Recommendation (ECF No. 104).