IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) 13-cv-1068 |
| vs. | ) ELECTRONICALLY FILED |
| PA DEPT. OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION RE: DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE DOCTRINE OF CLAIM PRECLUSION
(Doc. 162 and Doc. 164 )**

ARTHUR J. SCHWAB, District Judge.

## I.   INTRODUCTION

Defendants have filed motions for summary judgment arguing that Plaintiff's claims are barred by the doctrine of claim preclusion. After considering the Motion for Summary Judgment filed by Defendants Dr. Jin, PA Anatonovich, and PA West (Doc. 162), the Motion for Summary Judgment filed by the DOC Defendants[1] (Doc. 164), the briefs and materials submitted in support of the motions for summary judgment (Docs. 162-1, 162-2, 165, 166, and 167), and Plaintiff's response in opposition (Doc. 181), the motions will be **GRANTED**.

---

[1] The DOC Defendants are CO1 Carter, Superintendent Louis S. Folino, Sgt. Gagnon, C/O Gillis; Lt. Grego, Nedra Grego, C/O Jones, C/O Keller, Lt. Kelly, Lt. Kennedy, Major Leggett, John McAnany, C/O1 McCune, C/O Michelucci, (Sgt.) Mitchell, Hearing Examiner Nunez, Pennsylvania Department of Corrections, Mr. Pokol, Windy Shaylor, Dorina Varner, Secretary Wetzel, Mr. Wilson, and Deputy Winfield.

## II.     HOUSER'S TRILOGY OF CASES

Plaintiff, Darien Houser, a "prolific motion filer,"[2] is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC").  Beginning in March 2010, Houser filed a trilogy of cases in this Court arising from events which were alleged to have occurred at SCI-Greene:  *Houser v. Folino, et al.,* Civil Action No. 10-cv-0416 ("*Houser I*"); this case, *Houser v. PA Dept. of Corr., et al.,* Civil Action No. 13-cv-1068 ("*Houser II*"); and *Houser v. Widenour*, Civil Action No. 16-cv-1039 ("*Houser III*").   In all three cases, Houser alleged his constitutional rights, and various state tort laws, were violated by Defendants failing to provide adequate medical care for his medical needs and for engaging in retaliatory conduct.

*Houser I* was initiated on March 29, 2010.  Named in the original complaint were thirty-four defendants each of whom was either a DOC official, corrections officer, employee, or a medical health care provider involved in the treatment of Plaintiff's numerous medical ailments and requests for treatment and in processing related grievances.  The events were alleged to have occurred at SCI-Greene throughout 2008. (Doc. 3).  On July 31, 2012, Houser filed an Amended Complaint, in which he recited a litany of events dating back to January 2007 and continuing through October 2011, and named twelve additional defendants, for a total of forty-six defendants.  (Doc. 81). The Amended Complaint remained Houser's operative pleading.  Prior to trial, Plaintiff voluntarily dismissed all but four defendants,  Superintendent Folino, PA Diggs, CRNP Michelle Lucas-Anatonovich and Dr. Byunghak Jin.[3]

---

[2]     In *Houser v. Johnson*, Civil Action No. 06-1198 (USDC, E.D.PA), the Honorable Eduardo C. Robreno described Houser as a "prolific motion filer." *See* Memorandum dated June 11, 2008, n.5. Doc. 74.   Houser's practice of filing numerous motions continues in this Court.  In this case, since inception, he has filed twenty-one motions.

[3]     During trial, Houser withdrew his claims against Defendants Diggs and Lucas-Anatonovich.  (Minute Entry, 12/3/2015).

The case proceeded to a jury trial before the Honorable Donetta W. Ambrose on December 1, 2015, on these claims:  (1) failure to provide timely and appropriate treatment of the following medical conditions: (a) lump in chest, or breast enlargement; (b) ringing of ears, or tinnitus; (c) mask on face; and (d) knot in testicle; and (2) failure to educate Houser as to the risks and side effects of medication.

On December 4, 2015, the jury rendered a verdict for Defendants on all claims and judgment was entered that date. (Doc. 378).  Houser appealed the judgment to the United States Court of Appeals for the Third Circuit.  On July 19, 2019, the Court of Appeals affirmed the judgment, including the denial of Plaintiff's motion for new trial and reconsideration.  *Houser v. Folino*, 927 F.3d 693 (3d Cir. 2019).

This case, *Houser II*, was initiated on July 23, 2013, while *Houser I* was pending.  Plaintiff's operative pleading is the Second Amended Complaint, Doc. 72, filed on May 19, 2014,  in which Houser names in excess of thirty defendants, and alleges numerous violations of his constitutional rights, and various state tort laws, again relating to his ongoing medical care and continued retaliation at SCI-Greene, all of which arise from incidents allegedly occurring from July 2011 to April 2012, well before he filed his Amended Complaint in *Houser I*.  Houser seeks recovery for the following claims:

> (i) stripping bar on cell floor door which makes it difficult to enter and exit in a wheelchair;
> (ii) a bicep injury that occurred sometime in August of 2011;
> (iii) an injury arising from a prisoner transport on November 16, 2011;
> (iv) the failure to have medications available during an unspecified period;
> (v) the failure to order a mammogram based upon a recommendation by a radiologist that came to Houser's attention on November 19, 2012;[4]
> (vi) the failure to provide medication on March 21, 2012;[5]

---

[4]     Plaintiff has agreed to "voluntarily vacate this claim" recognizing that the claim was part of *Houser I*.  *See* P's Resp. to Mot. for Summ J. at ¶ 9.

[5]     The date listed in the Second Amended Complaint is 3/1/2012.  Plaintiff states that the

3

(vii)   the failure to treat a broken finger on July 31, 2011;
(viii)  retaliatory actions allegedly occurring on February 22, 2012 and March 27, 2012;
(ix)    the failure to provide handicap accessible showers, approximately March 21, 2012;
(viii)  the failure to provide medication for angioedema on September 11, 2011; September 12, 2011; and January 1, 2012;
(ix)    the failure to order a test recommended on February 7, 2012;

(x)     retaliatory actions in failing to provide proper hygiene on September 12, 2011 and other unspecified periods;
(xi)    exposure to second hand smoke and toxic fumes from a drain beginning in April of 2012; and
(xii)   ongoing failure to provide leg braces, unspecified period.

Second Amended Complaint (Doc. 72). Recognizing the overlap of claims and facts in *Houser II* with the claims and facts in *Houser I*, the Court stayed the case pending trial and appeal in *Houser I*. On September 6, 2019, the mandate in *Houser I* was reissued and the stay in *Houser II* lifted and the case reopened.

The third case in this trilogy, *Houser v. Wetzel, et al.*, Civil Action No. 16-cv-1039 ("*Houser III*"), was initiated on July 14, 2016, while *Houser I* was on appeal and *Houser II* was stayed. The complaint once again named over thirty defendants and alleged a myriad of unrelated claims for various incidents occurring at SCI-Greene from July 2014 through April 2016. On November 22, 2017, the Motion to Dismiss filed by the Medical Defendants was granted (Doc. 140) and on March 26, 2019, the Motion for Summary Judgment filed by the DOC Defendants was granted. (Doc. 219). Houser appealed the judgment to the Court of Appeals for the Third Circuit (Doc. 221) and on October 9, 2018, the appeal was dismissed for failure to timely prosecute. (Doc. 223).

---

correct date should be 3/21/2012. *See* P's Resp. to Mot. for Summ J. at ¶ 10.

### III.    PENDING MOTIONS FOR SUMMARY JUDGMENT IN *HOUSER II*

On January 16, 2020, Defendants filed motions for summary judgment arguing that Houser's claims are barred by the doctrine of claim preclusion.  After being granted several extensions, Houser filed his response in opposition to the motions on June 1, 2020.  (Doc. 181).  The motions are now ripe for disposition.

### IV.    STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district

court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004), *quoting Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), *citing Anderson*, 477 U.S. at 255.

V.   **DISCUSSION**

Defendants argue that summary judgment is appropriate based on the doctrine of claim preclusion because there is a substantial overlap of claims and facts here, with the claims and facts of *Houser I*.

As explained by the United States Court of Appeals for the Third Circuit, the federal law of res judicata or claim preclusion, which bars a second suit, involves a three-prong test. A party seeking to invoke claim preclusion must establish the following: "(1) a final judgment on the

merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action*.*" *Struck v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 588 (3d Cir. 2015), *quoting Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). In determining whether these elements have been met, a court should not apply this test "mechanically," but should focus "on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) *(quoting Churchill v. Star Enterprise*, 183 F.3d 184, 194 (3d Cir. 1999)). In so doing, "piecemeal litigation" is avoided and the court conserves scarce "judicial resources." *Id*. The purpose of claim preclusion is to "relieve the parties of the cost and vexation of multiple lawsuits, . . . prevent[] inconsistent decisions, [and] encourage reliance on adjudication." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citations omitted). Importantly, claim preclusion bars not only claims that were brought in the previous action, but also "gives preclusive effect to a prior judgment if a particular issue, although not litigated, <u>could have been raised in the earlier proceedings</u>." *Blunt v. Lower Merion Sch. District*, 767 F.3d 247, 276 (3d Cir. 2014) (emphasis added). As explained below, the Court finds that the claims raised in this case could have been raised in *Houser I* and, thus, are barred by the doctrine of claim preclusion.

i. *Final Judgment on the Merits*

The Court finds that the first prong of the test for claim preclusion is met and requires no discussion. A final judgment was entered in *Houser I* after the case was tried to verdict.

ii. *Same Parties or Their Privies*

The second prong of the test for claim preclusion is met as well, given that the Court finds that the defendants in *Houser I* and *Houser II* constitute the "same parties or their privies."

Houser named forty-six defendants in *Houser I* and over thirty defendants in *Houser II*, all of whom are DOC officials, corrections officers, and employees or medical health care providers involved in the treatment of Plaintiff's numerous medical ailments and requests for treatment and in processing related grievances. Clearly, the defendants in *Houser II* are the same or similar parties to the defendants in *Houser I*.

            iii.      *Subsequent Suit Based on the Same Cause of Action*

As with the first two prongs, the Court finds that the third prong of the test for claim preclusion is met. The Court of Appeals for the Third Circuit has explained the third prong as follows:

> In *Athlone*, we noted that the term " 'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." *Id*. (quoting *Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, we look toward the "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (en banc ), *cert. denied*, 460 U.S. 1014 ... This principle is "in keeping with '[t]he present trend ... in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.' " *Athlone*, 746 F.2d at 984 (quoting 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).
>
> In conducting this inquiry, we focus upon "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Athlone*, 746 F.2d at 984. A mere difference in the theory of recovery is not dispositive. *Id*. Thus, the fact that Lubrizol relies on a new theory of "reformation" will not prevent preclusion. In both suits the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations are all the same.

*Lubrizol Corp. v. Exxon Corp.*, 929 F.2d at 963.

In determining what constitutes the "same cause of action," the court should take a "broad view." *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016). If the "underlying

8

events giving rise to the various legal claims" are "essentially similar," then it is likely that the claims meet the "same cause of action element" for claim preclusion purposes. *Blunt*, 767 F.3d at 277. Again, it is important to note that claim preclusion bars not only claims that were brought in the previous action, but also those claims that "could have been brought." *Id.* at 276.

A close examination of the claims brought in *Houser II* reveals that each of the claims arises from an incident allegedly occurring from July 2011 through April 12, 2012. The Second Amended Complaint in *Houser I* was not filed until July 31, 2012. The Court thus finds that all of the claims in *Houser II* could have been brought in *Houser I*. *Blunt,* 767 F.3d at 276.

## V.  CONCLUSION

For the reasons set forth, Plaintiff's claims are barred by the doctrine of claim preclusion and Defendants' motions for summary judgment will be **GRANTED**. An appropriate Order follows.

**SO ORDERED** this 11th day of June, 2020,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   DARIEN HOUSER
      GL-7509
      SCI Phoenix
      1200 Mokychic Drive
      Collegeville, PA 19426
      (via U.S. First Class Mail)

      All counsel of record
      (via ECF electronic notification)